[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10026

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS MARCELO TEALDI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20271-KMW-1

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Marcelo Tealdi appeals his 72-month sentence for possession of child pornography, which was a downward variance from the guideline range of 78 to 97 months. Tealdi argues that his sentence was substantively unreasonable because the district court focused solely on the nature of the offense and failed to consider his personal circumstances, like his age and low likelihood of recidivism. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). When reviewing for substantive reasonableness, we consider the "'totality of the circumstances.'" *Id.* at 1190 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The party challenging the sentence bears the burden of establishing that it is unreasonable. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] The court must consider all of the § 3553(a)

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for

factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court is not required to discuss each of the § 3553(a) factors, and an acknowledgement that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

A sentence may be substantively unreasonable when a court (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper facts. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). However, a sentence that suffers from one of these symptoms is not *per se* unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. *Pugh*, 515 F.3d at 1192. "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010)

the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

(quotation, alteration and emphasis omitted). We will vacate a sentence only if we are left with the "definite and firm" conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case. *Pugh*, 515 F.3d at 1191.

While we do not presume that a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Cabezas-Montano*, 949 F.3d 567, 611 (11th Cir. 2020). Another indicator of a reasonable sentence is one that is well below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).

Here, Tealdi's below-guidelines sentence was not substantively unreasonable. As the record reflects, the district said that it considered the parties' arguments, the presentence investigation report, the advisory guidelines, and the § 3553(a) factors. We can discern nothing in the record suggesting that the court failed to consider any relevant factors, nor that it considered any improper factors, nor that it otherwise committed a clear error of judgment. *See Irey*, 612 F.3d at 1189.

As for Tealdi's claim that the court did not consider his personal characteristics, the court expressly considered Tealdi's age, the fact that he will face deportation upon being released from prison, and that he was incarcerated throughout the COVID-19 pandemic. The court balanced these considerations with other relevant factors, including the seriousness of the offense and other

personal characteristics, like Tealdi's limited support network and the questionable accuracy of the sex-offender risk assessment.

Indeed, while Tealdi adds that the district court did not give adequate weight to Dr. Brannon's opinion that Tealdi had a low risk of reoffending, the record reveals that the court did consider this evidence. However, the court also noted that Tealdi possessed several TrueCrypt containers -- special encrypted folders used to prevent others from gaining access to the information within -- for which Tealdi refused to provide the passwords. Based on this evidence, the district court observed that there was a "clear indication that contraband is on them," which meant that the risk assessment could easily have given a much different result if the contents of the TrueCrypt containers were fully known. This discussion shows that the court considered the expert witness testimony but prescribed it lesser weight than other factors -- something the court has full discretion to do. *Rosales-Bruno*, 789 F.3d at 1254.

In short, Tealdi has not shown that the district court committed a clear error of judgment in concluding that only a slight downward variance was warranted when weighing the nature of the offense and the time he had been viewing the material, against Tealdi's personal characteristics. Moreover, the court imposed a sentence below the guideline range and well below the statutory maximum of 240 months -- two factors that indicate that the sentence is reasonable. *Cabezas-Montano*, 949 F.3d at 611; *Dougherty*, 754 F.3d at 1364.

AFFIRMED.